## LEVY *v.* ROBERTSON.

### *(Circuit Court, S. D. New York. April 16, 1889.)*

1. CUSTOMS DUTIES—CONSTRUCTION OF ACT.
   Where there are two distinct provisions of a tariff act, either of which might apply to an imported article, it must be held dutiable under that one of the two provisions which is most specific in its character.

2. SAME.
   Where no sufficient evidence is given upon the trial of an action that words in a statute imposing duties on imported articles have any special or peculiar meaning in trade and commerce they must be interpreted according to their common and popular acceptation.

3. SAME—EVIDENCE OF TRADE MEANING.
   Proof that foreign fruits, preserved in sugar syrup and molasses, which come in as articles of importation, and which plaintiff has dealt in, come generally in air-tight packages, and that certain dealers in dried fruits do not handle fruits preserved in sugar in air-tight packages, is not sufficient to establish a trade meaning of the term "fruits preserved in sugar."

4. SAME—CLASSIFICATION—CANDIED CITRON.
   Candied citron, *i. e.*, citron boiled in sugar and dried, is properly dutiable at 35 per cent. *ad valorem*, under the provision in Schedule G of the tariff act of March 3, 1883, for "comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, or molasses, not otherwise specified or provided for in this act," and is not exempt from duty under the provision in the free list of the same act for "fruits green, ripe, or dried, not specially enumerated or provided for in this act."

At Law. On motion for direction of verdict.

Action against a former collector of the port of New York, to recover duties paid upon certain "candied citron" imported by plaintiff. The goods in question were shown by evidence upon the trial to be the fruit of the citron tree, boiled in sugar, and then dried and packed for shipment. The collector had exacted 35 per cent. duty on the goods under the provision in Schedule G of the tariff act of March 3, 1883, for "comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, or molasses, not otherwise specified or provided for in this act." The importer claimed that the goods were exempt from duty by virtue of a provision in the free list of the same act for "fruits, green, ripe, or dried, not specially enumerated or provided for." Evidence was given on behalf of the plaintiff that all brokers and dealers in foreign dried fruits dealt in the article in question; that in trade papers and mercantile prices current it was always classed among foreign dried fruits; that plaintiff had bought and sold fruits preserved in sugar, syrup, spirits, and molasses, which were done up in air-tight packages, and that dealers in dried fruits did not deal in fruits preserved in sugar or syrup which came in air-tight packages.

*Tremain & Tyler*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *W. Wickham Smith*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally charging jury.*) This article—citron—is concededly a fruit. Thus far we are all in accord. The plaintiff claims that it comes within the designation of subdivision 704 of the tariff act of 1883, as "fruit dried." Whether it is to be included in that designation by virtue of the fact that it is a fruit, and is in fact now dried, or because it is commercially known as "fruit dried," we may, for the determination of the present motion, assume that, if the paragraph referred to read simply "fruit, green, ripe, or dried," this article would appropriately be found within it. That is not all of the paragraph, however. It is "fruit, green, ripe, or dried, not specially enumerated or provided for in this act." That is to say, having provided for the general family of fruits, and provided for them quite comprehensively by describing their condition, whether green, ripe, or dried, congress provided that, though this family should be free, such members as were specially enumerated—"otherwise provided for in the act"—should pay the rate of duty covered by such special, particular enumeration. Some of the articles which ordinarily would be dried fruits, such as almonds, are provided for specifically by name elsewhere in the act. It is contended by the defendant that a small group,—a sub-group of this general family of fruits,—to-wit, those which are not only dried, but are also preserved with sugar, has been excepted from the operation of the paragraph on which the plaintiff relies. In support of that contention defendant refers to paragraph 302, which provides for the rate of duty which the collector has here assessed, on "comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, or molasses." Now, a comfit, according to the dictionary, is a dried sweetmeat; any kind of fruit or root preserved with sugar and dried. A sweetmeat is a fruit preserved with sugar, but not necessarily dried. What would be a sweetmeat becomes a comfit if it is not only preserved with sugar, but is also dried.

Upon the testimony in this case it appears—*First*, concededly, that this is a fruit; *second*, from the inspection of the article itself, that it is preserved. It has not, as an article, become destroyed through lapse of time, and there is nothing in its present appearance to indicate that it is likely to be destroyed by being kept longer; and the trade testimony as to the fact that in its present shape it is bought and sold, indicates that in its present shape it has, as a fruit, been preserved. The return of the appraiser finds that there is in or with this fruit, sugar,—not some other saccharine substance, but sugar. That being so, there seems sufficient evidence in this case (and in fact I do not recall any evidence to the contrary) that it is a fruit; that it has been preserved; that it is dried; and that it has been preserved with sugar. Now, it is very true that words in a tariff act are used in the act with the same meaning which they have in trade and commerce, and I anticipated at one period of this case that there might be a large body of testimony as to what the trade meaning

of the words "comfit, sweetmeats, or fruits preserved in sugar" was; and, had there been a conflict of testimony upon that point, I might have had to send it to you, gentlemen of the jury, to determine as to the meaning in trade and commerce of those terms, because, although the sub-group of fruits preserved in sugar and dried is taken out of the general class, still, if it appeared that that sub-group in trade and commerce did not cover some particular and specific article, it might be fairly urged that that particular article was not taken out of the general class by the use of the designation used for the other articles of the sub-group. But I do not find in this case any sufficient testimony to warrant sending the case to you upon that point. All that appears upon that branch of it is the statement of certain dealers in dried fruits that they themselves do not handle fruits preserved in sugar in air-tight packages; and the further statement of the plaintiff that foreign fruits preserved in sugar, syrup, and molasses, which come in as articles of importation, and which he himself has dealt in, come generally in air-tight packages. That is all the testimony in support of the contention that there is a trade meaning to be given to the words "comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, and molasses," different from the meaning which they would have in ordinary language, and which the dictionary gives for the words employed. I do not think that the testimony is sufficient to warrant a submission of that point to the jury.

Verdict directed for defendant.